IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAUREN RHYNE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. 1:20-cv-01686-JPH-MJD |
| | ) |
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT OCWEN LOAN SERVICING LLC'S
ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT**

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), by counsel, submits the following Answer and Affirmative and Other Defenses to the Complaint ("Complaint") filed against it by Plaintiff Lauren Rhyne ("Plaintiff").

## I.    PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

ANSWER: Paragraph 1 of the Complaint contains a general description of the lawsuit and legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. Ocwen denies any liability to Plaintiff pursuant to the FCRA.

## II.    JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

ANSWER: Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

1

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

ANSWER: Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

### III.   PARTIES

4. LAUREN RHYNE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Fishers, County of Hamilton, State of Indiana.

ANSWER: Ocwen lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint and therefore denies same.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

ANSWER: Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

6. OCWEN LOAN SERVICING, LLC, (hereinafter, "Defendant") is a business entity engaged in servicing mortgage and real estate loans within the State of Indiana. Defendant is incorporated in the State of Indiana.

ANSWER: Denied.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

ANSWER: Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## IV.   ALLEGATIONS

8.   Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

ANSWER: Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

9.   On or about March 14, 2018, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy (hereinafter, the "bankruptcy petition") in the United States Bankruptcy Court for the Southern District of Indiana, commencing bankruptcy case number 18-01621-JMC-7.

ANSWER: Paragraph 9 of the Complaint refers to one or more documents that speak for themselves. To the extent the allegations vary from the text of the documents themselves and/or are contrary to law, they are denied.

10.   At the time Plaintiff filed his bankruptcy petition, she owed a debt to Defendant. The debt was for a loan secured by a mortgage on her former home.

ANSWER: Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

11.   Plaintiff had moved from the home in a divorce that was finalized in 2017. Plaintiff's former husband was granted sole possession of the home in said divorce proceedings.

ANSWER: Ocwen lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies same.

12. Plaintiff scheduled the aforementioned debt in her bankruptcy petition as secured debt.

ANSWER: Paragraph 12 of the Complaint refers to one or more documents that speak for themselves. To the extent the allegations vary from the text of the documents themselves and/or are contrary to law, they are denied.

13. At the time Plaintiff filed her bankruptcy petition, she owed no other debt to Defendant.

ANSWER: Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

14. At the time Plaintiff filed her bankruptcy petition, she had no other accounts with Defendant.

ANSWER: Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

15. At the time Plaintiff filed her bankruptcy petition, Defendant was provided notice that Plaintiff no longer resided in the residence that secured the loan.

ANSWER: Denied.

16. On or about June 19, 2018, the United Stated Bankruptcy Court for the Southern District of Indiana entered an order discharging Plaintiff, thereby extinguishing her liability for the aforementioned debt owed to Defendant.

ANSWER: Paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

17. In addition, at the time of Plaintiff's discharge, there were no assets in the bankruptcy estate to which to make any distribution.

ANSWER: Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

18. On or about June 21, 2018, The United Stated Bankruptcy Court for the Southern District of Indiana served a Certificate of Notice on Defendant, which included a copy of Plaintiff's Order of Discharge.

ANSWER: Paragraph 18 of the Complaint refers to one or more documents that speak for themselves. To the extent the allegations vary from the text of the documents themselves and/or are contrary to law, they are denied.

19. At no time since June 19, 2018 has Plaintiff owed any debt to Defendant.

ANSWER: Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

20. At no time since June 19, 2018 has Plaintiff had any accounts open with Defendant.

ANSWER: Paragraph 20 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

21. At no time since June 19, 2018 has Plaintiff had any personal credit account with Defendant.

ANSWER: Paragraph 21 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

22. At no time since June 19, 2018 has Plaintiff had any personal business relationship with Defendant.

ANSWER: Paragraph 22 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

23. Given the facts delineated above, at no time since June 19, 2018 has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

ANSWER: Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

24. Given the facts delineated above, at no time since June 19, 2018 has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

ANSWER: Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

25. On or about February 12, 2020, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Experian Information Solutions, LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

ANSWER: Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

26. At no time on or prior to February 12, 2020 did Plaintiff consent to Defendant accessing her individual and personal credit report.

ANSWER: Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

27. On or about February 12, 2020, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiffs individual and personal credit report without a legitimate business reason to do so.

ANSWER: Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

28. On or about February 12, 2020, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiffs individual and personal credit report impermissibly.

ANSWER: Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

29. On or about February 12, 2020, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiffs individual and personal credit report without first informing Plaintiff of its intent to do so.

ANSWER: Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

30. On or about February 12, 2020, at the time Defendant accessed Plaintiffs individual and personal credit report, Defendant reviewed Plaintiffs private information.

ANSWER: Paragraph 30 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

31. On or about February 12, 2020, at the time Defendant accessed Plaintiffs individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiffs personal and individual credit accounts.

ANSWER: Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

32. On or about February 12, 2020, at the time Defendant accessed Plaintiffs individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiffs payment history on her individual credit accounts.

ANSWER: Paragraph 32 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

33. On or about February 12, 2020, at the time Defendant accessed Plaintiffs individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiffs credit history and credit worthiness.

ANSWER: Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

34. On or about February 12, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

ANSWER: Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

35. On or about February 12, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

ANSWER: Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

36. On or about February 12, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and, telephone numbers.

ANSWER: Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

37. On or about February 12, 2020, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

ANSWER: Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied.

38. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

ANSWER: Denied.

39. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

ANSWER: Denied.

## V. JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

ANSWER: The allegations in Paragraph 40 are not allegations of fact, therefore, no response is required. To the extent a response is required, Ocwen denies the allegations.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LAUREN RHYNE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

    c.  Punitive damages;

    d.  Plaintiff's attorneys' fees and costs; and,

    e.  Any other relief deemed appropriate by this Honorable Court.

ANSWER: Ocwen also denies all allegations set forth in the "WHEREFORE" paragraph immediately following Paragraph 40. Ocwen further denies that Plaintiff is entitled to the requested relief set forth in the "WHEREFORE" clause following Paragraph 40 of the Complaint, including all subsections and subparagraphs.

Ocwen denies it is liable to Plaintiff under any theory whatsoever.

Ocwen reserves the right to amend this Answer to conform to the evidence as determined in discovery or at trial.

Ocwen denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above.

## AFFIRMATIVE AND OTHER DEFENSES

Ocwen hereby sets forth the following affirmative and other defenses to the Complaint. By asserting the defenses set forth below, Ocwen does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Ocwen admit that Plaintiff is relieved of their burden to prove each and every element of her claims and the damages, if any, to which she is entitled. Ocwen reserves the right to amend its Affirmative and Other Defenses to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

## FIRST DEFENSE
**(Failure to State a Claim)**

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Ocwen and fails to state facts sufficient to entitle Plaintiff to the relief sought therein.

## SECOND AFFIRMATIVE DEFENSE
**(Compliance/Good Faith)**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Ocwen acted in good faith and complied fully with the Fair Credit Reporting Act.

## THIRD AFFIRMATIVE DEFENSE
**(Waiver/Estoppel)**

Plaintiff's claims fail to the extent they are barred by the doctrines of estoppel (judicial, equitable, collateral or otherwise), *res judicata* and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE
**(Bona Fide Error)**

To the extent there was any violation of the FCRA, which Ocwen denies, Ocwen's actions were not knowing and/or willful because Ocwen's violations, if any, were unintentional and the result of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid such violations.

## FIFTH AFFIRMATIVE DEFENSE
**(Agreement)**

Plaintiff's claims fail to the extent Ocwen's actions were authorized by the terms of the underlying agreement(s) creating the debt or any other relevant agreement.

### SIXTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, the existence of which Ocwen denies, were the result of acts or omissions of third persons over whom Ocwen had neither control nor responsibility.

### SEVENTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Negligence)

Ocwen did not negligently violate the FCRA or any other legal requirement.

### NINTH AFFIRMATIVE DEFENSE
### (No Willfulness)

Ocwen did not willfully violate the FCRA or any other legal requirement.

### TENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages.

### ELEVENTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate her alleged damages.

### TWELFTH DEFENSE
### (Excessive Award)

Plaintiff cannot recover from Ocwen for punitive or statutory damages on the grounds that any award of punitive or statutory damages would be impermissible under the Due Process

Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim.  Stating further, any award of punitive or statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore,* 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003).

### THIRTEENTH DEFENSE
### (Constitutional Standing)

Plaintiff has not alleged an actual injury-in-fact sufficient to confer constitutional standing; nor did Plaintiff sustain an actual injury-in-fact, which deprives the Court of Article III jurisdiction.

### FOURTEENTH DEFENSE
### (Right to Assert Additional Defenses)

Ocwen reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Ocwen Loan Servicing, LLC by counsel, respectfully requests that the Court dismiss all of the Plaintiffs' claims against Ocwen, with prejudice, enter judgment in favor of Ocwen and against Plaintiffs, and award Ocwen such other and further relief as the Court may deem just and appropriate.

Dated: July 17, 2020

OCWEN LOAN SERVICING, LLC
By counsel

*/s/ Ethan G. Ostroff*
Ethan G. Ostroff
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000

Virginia Beach, VA 23454
Telephone: (757) 687-7500
*ethan.ostroff@troutman.com*

*Counsel for Defendant Ocwen Loan Servicing, LLC*

Case 1:20-cv-01686-JPH-MJD   Document 8   Filed 07/17/20   Page 14 of 14 PageID #: 47